UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CATALINA LOVOS,

                              Plaintiff,                            **REPORT AND**
                                                                              **RECOMMENDATION**
       -against-                                      **CV 08-1167 (JS)(ARL)**

OCEAN FRESH SEA CLAM, LTD.,

                              Defendant.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Plaintiff Catalina Lovos ("plaintiff" or "Lovos") brought this action against the defendant under the Jones Act, 46 U.S.C. § 688 and general maritime law to recover damages for injuries he claims arose from an accident that occurred while he was working aboard a vessel operated by defendant Ocean Fresh Sea Clam, Ltd. ("defendant" or "Ocean Fresh"). Before the court, upon referral by District Judge Seybert, is plaintiff's motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 on his claim for maintenance and cure. For the following reasons, the undersigned respectfully recommends that the plaintiff's motion be denied.

### BACKGROUND

       The following facts are presented in the light most favorable to defendant, as the non-moving party, with all factual ambiguities resolved and all reasonable inferences drawn in its favor. *See Iannuzzi v. American Mortg. Network, Inc.*, No. 07-CV-964 (JFB) (WDW), 2010 WL 2976500, at *1 (E.D.N.Y. July 22, 2010); *see Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005).

       The plaintiff worked as a clam shucker on a per diem basis aboard the M/V Heaven Sent, a vessel owned and operated by Ocean Fresh. (Def. 56.1 Statement at ¶¶ 2- 3; Pl. 56.1 Statement

¶¶ 2-3.) According to Lovos, on September 6, 2007, while working aboard the M/V Heaven Sent, he was struck in the back by a large diameter hose that was used to suck clams off the bottom of the bay and suffered injuries to his back and neck (hereinafter referred to as the "accident"). ( Pl. 56.1 Statement at ¶¶ 7-8.) Lovos continued to work for a couple of weeks after the accident. (*Id.* at ¶ 9.) On September 12, 2007, Lovos first sought medical treatment at the South Nassau Community Hospital for his back pain, and thereafter sought treatment from Dr. George Ruggi, a chiropractor. (*Id.* at ¶¶ 10-11.)

Plaintiff now moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 on his claim for maintenance and cure under general maritime law. Defendant opposes the motion.

## DISCUSSION

A. **Summary Judgment Standards**

"'Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law.'" *Jamaica Ash & Rubbish Removal Co. v. Ferguson,* 85 F. Supp. 2d 174, 180 (E.D.N.Y. 2000) (quoting *In re Blackwood Assocs., L.L.P.*, 153 F.3d 61, 67 (2d Cir. 1998) and citing FED. R. CIV. P. 56(c) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In deciding a summary judgment motion, the district court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the opposing party. *See Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *See Holt v. KMI-Continental, Inc.*, 95 F.3d 123, 129 (2d Cir. 1996), *cert denied,*

520 US 1228 (1997).

The trial court's responsibility is "'limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution.'" *Gallo v. Prudential Residential Servs., L.P.,* 22 F.3d 1219, 1224 (2d Cir. 1994). When, however, there is nothing more than a "metaphysical doubt as to the material facts," summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Rather, there must exist 'specific facts showing that there is a genuine issue for trial' in order to deny summary judgment as to a particular claim." *Jamaica Ash & Rubbish*, 85 F. Supp. 2d at 180 (quoting *Celotex,* 477 U.S. at 322). A moving party may obtain summary judgment by demonstrating that little or no evidence may be found in support of the non-moving party's case. "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Marks v. New York Univ.*, 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999). With these standards in mind, the court addresses the plaintiff's claim.

**B.    Plaintiff's Claim for Maintenance and Cure**

In seeking partial summary judgment on his claim for maintenance and cure, Lovos contends that he is entitled to recover for the back and neck injuries he sustained during his employment aboard the M/V Heaven Sent. Defendant challenges Lovos' contention and maintains that there are genuine issues of material fact concerning whether Lovos was injured while in the ship's service that preclude a grant of partial summary judgment on plaintiff's claim.

"The general maritime law of the United States provides seamen who have become ill or

injured while in a ship's service with a right to maintenance and cure." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 52 (2d Cir. 2004). Maintenance "refers to the duty of a vessel owner to provide food and lodging, comparable to that received aboard the vessel, to a seaman who falls ill or becomes injured while in the service of the vessel." *Ammar v. United States*, 342 F.3d 133, 142 (2d Cir. 2003); *see also Harrington v. Atlantic Sounding Co.*, 602 F.3d 113, 133 n.6 (2d Cir. 2010) ("[m]aintenance is a judicially fashioned duty based on maritime law"). Cure "represents a shipowner's obligation to provide medical care," to such seamen, *Calo v. Ocean Ships, Inc.*, 57 F.3d 159, 162 (2d Cir. 1995), throughout "the period of recovery or rehabilitation from the illness or injury to the point of maximum recovery," *Wills*, 379 F.3d at 52.

The duty of an owner of a vessel to provide maintenance and cure to an injured or sick seaman is not based on fault, and "does not rest upon negligence or culpability on the part of the owner." *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 527 (1938). As the Supreme Court has explained:

> Among the most pervasive incidents of the responsibility anciently imposed upon a shipowner for the health and security of sailors was liability for the maintenance and cure of seamen becoming ill or injured during the period of their service. In the United States this obligation has been recognized consistently as an implied provision in contracts or marine employment. Created thus with the contract of employment, the liability, unlike that for indemnity or that later created by the Jones Act, in no sense is predicated on the fault or negligence of the shipowner. Whether by traditional standards he is or is not responsible for the injury or sickness, he is liable for the expense of curing it as an incident of the marine employer-employee relationship. So broad is the shipowner's obligation that negligence or acts short of culpable misconduct on the seaman's part will not relieve him of the responsibility. Conceptions of contributory negligence, the fellow-servant doctrine, and assumption of risk have no place in the liability or defense against it. Only some wilful misbehavior or deliberate act of indiscretion suffices to deprive the seaman of his protection.

*Aguilar v. Standard Oil Co. of New Jersey*, 318 U.S. 724, 730 (1943).

Of critical importance to the case at hand, "maintenance and cure is the traditional form of compensation paid to a seaman who becomes ill or injured *while in the service of the ship*." *Messier v. Bouchard Transp.*, No. 08 Civ. 09505 (CM), 2010 WL 4840068, at *4 (S.D.N.Y. Nov. 22, 2010) (quoting *Warren v. United States*, 340 U.S. 523, 525 (1951) (emphasis in the original)); *see Wills*, 379 F.3d at 52 (same). "A seaman whose illness or injury manifests after conclusion of his or her employment with the shipowner is generally not entitled to recover for maintenance and cure absent convincing proof of causal connection between the injury or illness and the seaman's service." *Wills*, 379 F.3d at 52 (internal quotation marks and citations omitted).

In support of his claim for maintenance and cure, Lovos proffers the deposition testimony of Captain Curtis Smith, captain of the vessel on September 6, 2007, who denies observing the accident but states that he became aware that plaintiff had injured himself from one of the mates on the ship. (*Barkan Decl.*, Exh. 8, at 25-28.) Captain Smith testified in pertinent part as follows:

> Q: When did you first become aware that Mr. Lovos had an injury or claimed an injury?
> A: I don't remember the date, but it was well after that. He came down – actually, Jose, the guy that works with me told me that he hurt himself.
> Q: What did Jose tell you?
> A: That he got hurt, that he hurt his back some how.
> Q: Did he tell you how he hurt his back?
> A: No.
> Q: Did you ask him"
> A: No.
> Q: Did you do any investigation to find out?
> A: I didn't think it would be necessary. It wasn't from us.

> \* \* \* \* \*

> Q: Do you recall when Jose told you?
> A: It was few days after the day he said that he got hurt.
> Q: After that, where was it that you were located when Jose told you?
> A: Actually we had clams to shuck and we were short handed and I asked him if he could call him and have him come down and help us.
> Q: Is that when he told you that he hurt his back?
> A: Right, that he was not able to come down that day.
> Q: After that day, did you ever see Mr. Lovos?
> A: Yes, he came back to work for us.

(*Id.*)

In addition, Lovos proffers his own deposition testimony detailing the events of the accident that he avers occurred on the vessel on September 6, 2007. (*Barkan Decl.*, Exh. 6, at 19-26.) In particular, Lovos testified that on the date in question, he worked with Kevin Smith and a mate, Jose, and while performing his duties on the outside part of the M/V Heaven Sent, a large, mounted diameter hose disconnected from the boat, struck him in the back and caused injury to his back and neck. (*Id.*) Lovos sought medical treatment on September 12, 2007. (*Id.* at 38-45.)

There is record evidence, however, that calls into question whether Lovos was injured by a falling hose or otherwise while working aboard the M/V Heaven Sent. Although Lovos reported working with Captain Curtis Smith's son, Kevin and a mate, Jose on the day in question, (*id.*, Exh. 6, at 19, 22), both Captain Smith and Kevin Smith testified that they did not observe any object, including a hose, fall on the plaintiff. (Def.'s Response, Ex. 1, at 24; *Kevin Smith Aff.*, dated March 23, 2010, ¶ 4.) Moreover, Lovos never reported the injury or complained of pain or discomfort on September 6, 2007 or on any other day that plaintiff was a per diem employee of defendant. (Def.'s Response, Ex. 1, at 25; *Kevin Smith Aff.*, dated March 23, 2010, ¶ 5; *Curtis Smith Aff.,* dated January 19, 2010, ¶ 7.) Further, Captain Smith reported that no

hose broke free on September 6, 2007 or on any other day that plaintiff worked for defendant. (Def.'s Response, Ex. 1, at 24; *Kevin Smith Aff.*, dated March 23, 2010, ¶ 6.)

Captain Smith testified that he had observed and supervised Lovos throughout the day on September 6th, that plaintiff showed no signs of injury or discomfort and had performed his duties satisfactorily. (*Curtis Smith Aff.*, dated January 19, 2010, ¶¶ 8-9.) Finally, Captain Smith reported that Lovos continued to work aboard the vessel on a per diem basis on September 8, 2007, September 26, 2007, October 15, 2007, October 16, 2007 and October 20, 2007, that plaintiff showed no signs of injury or discomfort and had performed his duties as a clam shucker in his normal and customary manner on those days. (*Id.* at ¶¶ 11-12.)

In view of the conflict in the evidentiary record, the question as to whether Lovos was injured while in the service of defendant's vessel raises a material triable issue that cannot be resolved on partial summary judgment.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the plaintiff's motion for partial summary judgment be denied. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      December 21, 2010

                                                              _____/s/_____
                                                              ARLENE R. LINDSAY
                                                              United States Magistrate Judge