UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CATALINA LOVOS,

                        Plaintiff,                    **ORDER**

          -against-                             CV 08-1167 (ARL)

OCEAN FRESH SEA CLAM, LTD.,

                        Defendant.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      The plaintiff Catalina Lovos ("plaintiff") brought this action against the defendant under the Jones Act, 46 U.S.C. § 688, general maritime law, and for maintenance and cure to recover damages for injuries he claims arose from an accident that occurred while he was working aboard the Heaven Sent, a vessel operated by the defendant Ocean Fresh Sea Clam, Ltd. ("defendant"). A jury trial was held from October 2, 2012 to October 3, 2012 on plaintiff's Jones Act claim. The court reserved the maintenance and cure claim for judicial determination to be based upon the evidence adduced at trial and any additional proof the parties might offer. A contested issue at trial was whether the plaintiff had been injured aboard the Heaven Sent. After discussion with counsel, the undersigned sought an advisory opinion from the jury on the question whether the plaintiff's injuries occurred while in the service of the Heaven Sent. The jury found in favor of the defendant on the Jones Act claim, and specifically found that plaintiff was not injured while in the service of the Heaven Sent. (Verdict Sheet, dated October 3, 2012, Question Nos. 1 and 2). Following the jury verdict, plaintiff's counsel sought reconsideration of the jury's finding that plaintiff was not injured while working on the Heaven Sent arguing that for purposes of plaintiff's maintenance and cure claim this remained an issue for the court to decide sitting as a

court in Admiralty.

"The general maritime law of the United States provides seamen who have become ill or injured while in a ship's service with a right to maintenance and cure." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 52 (2d Cir. 2004). Maintenance "refers to the duty of a vessel owner to provide food and lodging, comparable to that received aboard the vessel, to a seaman who falls ill or becomes injured while in the service of the vessel." *Ammar v. United States*, 342 F.3d 133, 142 (2d Cir. 2003); *see also Harrington v. Atlantic Sounding Co.*, 602 F.3d 113, 133 n.6 (2d Cir. 2010) ("[m]aintenance is a judicially fashioned duty based on maritime law"). Cure "represents a shipowner's obligation to provide medical care," to such seamen, *Calo v. Ocean Ships, Inc.*, 57 F.3d 159, 162 (2d Cir. 1995), throughout "the period of recovery or rehabilitation from the illness or injury to the point of maximum recovery," *Wills*, 379 F.3d at 52.

The duty of an owner of a vessel to provide maintenance and cure to an injured or sick seaman is not based on fault, and "does not rest upon negligence or culpability on the part of the owner." *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 527 (1938). As the Supreme Court has explained:

> Among the most pervasive incidents of the responsibility anciently imposed upon a shipowner for the health and security of sailors was liability for the maintenance and cure of seamen becoming ill or injured during the period of their service. In the United States this obligation has been recognized consistently as an implied provision in contracts or marine employment. Created thus with the contract of employment, the liability, unlike that for indemnity or that later created by the Jones Act, in no sense is predicated on the fault or negligence of the shipowner. Whether by traditional standards he is or is not responsible for the injury or sickness, he is liable for the expense of curing it as an incident of the marine employer-employee relationship. So broad is the shipowner's obligation that negligence or acts short of culpable misconduct on the seaman's part will not relieve him of the responsibility. Conceptions of contributory negligence, the fellow-servant doctrine, and assumption of risk have no place in the liability or

>  defense against it.  Only some wilful misbehavior or deliberate act of indiscretion suffices to deprive the seaman of his protection.

*Aguilar v. Standard Oil Co. of New Jersey*, 318 U.S. 724, 730 (1943).

Of critical importance to the issue at hand, "maintenance and cure is the traditional form of compensation paid to a seaman who becomes ill or injured *while in the service of the ship*." *Messier v. Bouchard Transp.*, No. 08 Civ. 09505 (CM), 2010 WL 4840068, at *4 (S.D.N.Y. Nov. 22, 2010) (quoting *Warren v. United States*, 340 U.S. 523, 525 (1951) (emphasis in the original)); *see Wills*, 379 F.3d at 52 (same); *see also Aguilar v. Standard Oil Co. of N.J.,* 318 U.S. 724, 730 (1943) (holding that to be eligible for maintenance and cure, the injury or illness suffered by the seamen must occur, become aggravated or manifest itself while the seaman is "in the service of his ship").

The undersigned has considered the testimony at trial and finds that the defense witnesses credibly testified that plaintiff was not injured aboard the Heaven Sent on the day and in the manner he claimed.  The undersigned has also considered plaintiff's letter dated October 7, 2012 and the referenced documents and comes to the same conclusion.  This court therefore concurs with the jury's finding that the plaintiff Catalina Lovos was not injured while "in the service of the ship" Heaven Sent, and plaintiff's claim for maintenance and cure is therefore denied in all respects.

Dated: Central Islip, New York
       October 9, 2012

                                              _____/s/_____
                                            ARLENE R. LINDSAY
                                            United States Magistrate Judge